```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
SUSAN B.                      :    Civ. No. 3:21CV00403(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    May 20, 2022
                              :
------------------------------x
```

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES**

Plaintiff Susan B. ("plaintiff") was previously found disabled in a determination dated June 30, 2015, and awarded Disability Insurance Benefits. See Certified Transcript of the Administrative Record, Doc. #12, compiled on June 10, 2021, (hereinafter "Tr.") at 72-79. On January 10, 2018, after a continuing disability review, it was determined that plaintiff was no longer disabled as of that date. See Tr. 99; see also Tr. 81-95. Plaintiff requested reconsideration of this determination, see Tr. 102-06, which was upheld after an informal disability hearing before a State agency disability hearing officer. See Tr. 109-33. Plaintiff then filed a written request for a hearing before an Administrative Law Judge ("ALJ"). See Tr. 136-37.

1

On October 22, 2019, plaintiff, then self-represented, appeared at a hearing before ALJ Deirdre Horton, at which no substantive testimony was taken. See generally Tr. 65-71. On February 3, 2020, plaintiff, represented by Attorney Olia Yelner, appeared and testified at a second administrative hearing before ALJ Horton. See generally Tr. 39-63. On May 5, 2020, the ALJ issued an unfavorable decision. See Tr. 17-37. On January 27, 2021, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff timely appealed that decision to this Court on March 24, 2021. [Doc. #1].

On July 21, 2021, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #12]. On October 19, 2021, plaintiff filed a Motion for Order Reversing the Commissioner's Decision or in the Alternative Motion for Remand for a Hearing. [Doc. #17]. On February 16, 2022, defendant filed a Motion for Voluntary Remand pursuant to Sentence Four of 42 U.S.C. §405(g). [Doc. #26].[1] The Court granted defendant's motion on that same date [Doc. #27], and judgment entered for plaintiff on February 16, 2022. [Doc. #29].

---

[1] Each of these filings was made after an extension of time was sought and granted. See Docs. #11, #15, #20.

On May 10, 2022, plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,742.84. See Doc. #30 at 2. Attached to plaintiff's Motion for Attorney's Fees is a "Fee Itemization of Olia M. Yelner Attorney for Plaintiff in Support of Motion for Attorney's Fees[,]" which itemizes the time expended by plaintiff's counsel in this matter. Doc. #30-1 at 1 (capitalizations altered).

On May 17, 2022, counsel for defendant filed a Stipulation for Allowance of Fees under the EAJA (hereinafter the "Stipulation"). [Doc. #31]. The Stipulation states that the parties have agreed "that Plaintiff shall be awarded attorney fees in the amount of $7,300.00 under the" EAJA "in full and final satisfaction (upon payment) of any and all claims under EAJA for fees, expenses, and costs." Id. at 1 (sic).

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC),

2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of time expended by Attorney Yelner to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #31**], and **GRANTS** the Motion for Attorney's Fees [**Doc. #30**], for the stipulated amount of **$7,300.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a

4

prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 35.50 hours of work at a rate of $217.72 per hour for time expended in 2021, and $226.67 per hour for time expended in 2022. See Doc. #30 at 1; see also Doc. #30-1 at 1-2. The parties have reached an agreement under which defendant would pay $7,300.00 in fees, which represents approximately 32.90 hours of attorney time at these rates.[2] It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[3] This Court has a duty to review Attorney Yelner's time sheet to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant,

---

[2] The Court has averaged the two hourly rates to calculate the approximate hours to which the stipulated fee equals.

[3] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

The Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed. See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 32.90 hours of work, reduced from the 35.50 hours actually expended. See generally Docs. #30, #30-1. The administrative transcript in this case was comprised of a substantial 1,945 pages and plaintiff's counsel submitted a thorough and well-reasoned brief, which resulted in a voluntary remand. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #12]; preparation of the

6

motion to reverse and supporting memorandum [Docs. #17, #17-1]; and preparation of the statement of material facts [Doc. #17-2]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Accordingly, the Court finds that the 32.90 hours claimed is reasonable, particularly in light of the parties' stipulation, which adds weight to the claim that the fee award claimed is reasonable.

Therefore, an award of **$7,300.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the parties' Stipulation

[**Doc. #31**], and **GRANTS** the Motion for Attorney's Fees [**Doc. #30**], for the stipulated amount of **$7,300.00.**

It is so ordered at Bridgeport, Connecticut this 20th day of May, 2022.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
